UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID C. HOTTMAN,

    Plaintiff,

v.

ZIMMER, INC., *et al.*,

    Defendants.

_____/

Case No. 15-cv-10731
Hon. Matthew F. Leitman

**<u>ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS WITHOUT PREJUDICE (ECF #21)</u>**

**<u>BACKGROUND</u>**

On December 19, 2014, Plaintiff David C. Hottman ("Plaintiff") filed a Complaint in the Oakland County Circuit Court against Defendants Zimmer, Inc., Zimmer Holdings Inc., and Zimmer Orthopaedic Surgical Products, Inc. (collectively, "Defendants") for injuries he sustained in connection with a hip replacement surgery. (*See* Compl., ECF #1-2 at 1, Pg. ID 8.)

In the Complaint, Plaintiff alleged that he underwent a right total hip replacement, that Defendants designed and manufactured Plaintiff's hip replacement implant (the "Implant"), and that he was injured when the Implant failed. (*See id.* at ¶¶ 8-10, Pg. ID 9-10.) Plaintiff sought recovery against Defendants on five grounds: (1) Defendants failed to "timely and reasonably warn

1

of material facts regarding the safety and efficacy" of the Implant; (2) the Implant was defectively designed; (3) Defendants were negligent in the design and advertisement of the Implant; (4) breach of express warranty; and (5) breach of implied warranty. (*See id.* at ¶¶ 11-49, Pg. ID 10-17.)[1]

On February 27, 2015, Defendants removed Plaintiff's lawsuit against them to this Court (*see* Notice of Removal, ECF #1) and filed their Answer to the Complaint on March 6, 2015 (*see* ECF #2). On June 17, 2015, Defendants served interrogatories and requests for documents on Plaintiff, but received only incomplete responses from Plaintiff's counsel. (*See* Defs.' Mot. to Compel, ECF #11 at 1-2, Pg. ID 73-74.) Shortly thereafter, Defendants' counsel contacted Plaintiff's counsel to schedule a time to discuss the discovery deficiencies, but received no answer. (*See id.* at 2, Pg. ID 74.)

On October 8, 2015, Plaintiff's counsel informed Defendants that Plaintiff had passed away and that he would need to confer with Plaintiff's family to determine whether to continue prosecuting this action against Defendants. (*See id.*) Defendants emailed Plaintiff's counsel on October 15, 2015 confirming their conversation on October 8, and also asked whether Plaintiff's family did indeed wish to continue prosecuting Plaintiff's claims. (*See id.*) Defendants' counsel

---

[1] Plaintiff mis-numbered the paragraphs in his Complaint. The paragraphs referenced in the parenthetical preceding this footnote begin beneath the heading that reads "COUNT I".

received no response. (*See id.*) Defendants' counsel then contacted Plaintiff's counsel again on November 17, 2015 via telephone and email and, again, received no response. (*See id.*)

Plaintiff's counsel remained unresponsive through mid-December of 2015. (*See id.*) On December 11, 2015, the Court directed Defendants' counsel to file a motion to compel discovery, (*see* ECF #11-5 at 2, Pg. ID 111), which Defendants filed on December 21, 2015 (*see* ECF #11). The Court then entered a Joint Stipulated Order Compelling Discovery in which Plaintiff's counsel agreed to comply with Defendants' requests for discovery by January 22, 2016. (*See* ECF #16 at 2, Pg. ID 121.) Plaintiff's counsel, however, never responded to Defendants' requests for discovery. On February 29, 2016, Plaintiff's counsel officially withdrew from this case. (*See* ECF #20.)

On March 10, 2016, Defendants filed a motion to dismiss Plaintiff's Complaint without prejudice for failure to prosecute (the "Motion"). (*See* ECF #21.) To date, no representative for Plaintiff or his estate has filed a response to the Motion.

## ANALYSIS

The Court applies the following four factors to determine whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the [plaintiff] was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001)). And "[a]lthough no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). The Court considers each factor in turn.

First, there is no evidence of willfulness or bad faith on the part of Plaintiff. However, there is clear evidence of delay and unresponsiveness on the part of Plaintiff and his counsel. Prior to Plaintiff's death, Plaintiff provided only incomplete responses to Defendants' requests for discovery. And it appears that Plaintiff's counsel took no steps to prepare responses to Defendants' requests for discovery after Plaintiff passed away. To date, Defendants have not received the requested discovery.

Second, Plaintiff and his counsel's failure to respond to Defendants' discovery requests have prevented Defendants from effectively defending against Plaintiff's claims. Accordingly, Defendants have been prejudiced by Plaintiff's unresponsiveness. *See Carpenter*, 723 F.3d at 707 ("A defendant is prejudiced by

4

a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." (citation omitted)).

Third, Defendants mailed a copy of the Motion to Plaintiff in care of his personal representative in an attempt to warn Plaintiff's representative that the matter faces dismissal. However, Defendants "received back the envelope containing Plaintiff's service copy of the Motion to Dismissed marked 'Return to Sender / Deceased / Unable to Forward.'" (*See* ECF #22-1 at 2, Pg. ID 153.)

Fourth, the Court has considered less drastic sanctions to dismissal without prejudice, but does not believe that any are appropriate given Plaintiff's passing and his counsel's withdrawal. It also appears that Plaintiff has no representative who intends to continue prosecuting this matter on his behalf. In addition, dismissal without prejudice is appropriate because it is a less drastic sanction than dismissal with prejudice. *See Jones v. Booker*, 2013 WL 5566673, at *1 n.1 (E.D. Mich. Oct. 9, 2013) ("[A] district court has the option of the less drastic sanction of dismissing a case without prejudice for want of prosecution under Fed. R. Civ. P. 41(b)."). Should a representative for Plaintiff wish to resume prosecuting Plaintiff's claims, he or she may have the opportunity to file a new complaint.

5

In short, Defendants have made diligent efforts to move this case forward. But it appears that Plaintiff has no representative who intends to pursue litigating this matter on his behalf. Accordingly, *Carpenter*'s four factors counsel in favor of dismissal without prejudice.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Motion (ECF #21) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

                                           s/Matthew F. Leitman
                                           MATTHEW F. LEITMAN
                                           UNITED STATES DISTRICT JUDGE

Dated:  May 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 19, 2016, by electronic means and/or ordinary mail.

                                           s/Holly A. Monda
                                           Case Manager
                                           (313) 234-5113